# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

UNITED STATES OF AMERICA

-v-

LAITH NAKLI,

Defendant.

-----------------------------------------------------x

**FILED**

IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ OCT 1 8 2000 ★

BROOKLYN OFFICE

**JUDGMENT INCLUDING SENTENCE UNDER THE SENTENCING REFORM ACT**

CASE NUMBER: CR-98-721(S)-02(FB)

VALERIE AMSTERDAM, ESQ.
9 EAST 40TH STREET, 15TH STREET
NEW YORK, NY 10016
Defendant's Attorney & Address

THE DEFENDANT: LAITH NAKLI

**XX**    pleaded guilty to counts ONE THUR FOUR OF A SUPERSEDING INDICTMENT.
       Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| T. 21 USC 846 | CONSPIRED TO POSSESS & DISTRIBUTE ANABOLIC STEROIDS | 1(S) |
| T. 21 USC 846 | CONSPIRED TO POSSESS & DISTRIBUTE HYDROCODONE | 2(S) |
| T. 21 USC 841 | CONSPIRED TO POSSESS & DISTRIBUTE ANABOLIC STEROIDS | 3(S) |
| T. 21 USC 841 | CONSPIRED TO POSSESS & DISTRIBUTE HYDROCODONE | 4(S) |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**XX**    ALL OPEN COUNTS are dismissed on the motion of the United States.

**XX**    It is ordered that the defendant shall pay to the United States a special assessment of $ 400.00
       which shall be due immediately :

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days
of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by
this Judgment are fully paid.

Defendant's Soc. Sec # 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

Defendant's Mailing Address:
549 66TH STREET

BROOKLYN, NY 11220

OCTOBER 10, 2000
Date of Imposition of Sentence

THE HONORABLE FREDERIC BLOCK

Oct, 11, 2000
Date

A TRUE COPY ATTEST
Date: 10 11 00
ROBERT C. HEINEMANN
CLERK OF COURT

BY:
MIKE J. INNELLI
DEPUTY CLERK

A TRUE COPY
ATTEST
DATE JUL 02 2008 20
ROBERT C. HEINEMANN
BY CLERK
DEPUTY CLERK

Defendant: LAITH NAKLI
Case Number: CR-98-721(S)-02(FB)


PROBATION


The defendant is hereby placed on probation for a term of THREE (3) YEARS ON COUNTS ONE THRU FOUR OF THE SUPERSEDING INDICTMENT. EACH COUNT SHALL RUN CONCURRENTLY TO EACH OTHER FOR A TOTAL OF THREE (3) YEARS PROBATION WITH THE FOLLOWING SPECIAL CONDITIONS: (1) HE SHALL SERVE SIX (6) MONTHS OF HOME CONFINEMENT, WITH PERMISSION TO GO TO WORK AND ATTEND RELIGIOUS SERVICES. HE SHALL PAY THE COSTS OF HOME CONFINEMENT, (2) HE SHALL COMPLETE 200 HOURS OF COMMUNITY SERVICE AS DIRECTED BY THE PROBATION DEPARTMENT, AND (3) HE SHALL COMPLY WITH THE FINE ORDERED IN THIS JUDGMENT.


While on probation, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this Judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution. The defendant shall comply with the following additional conditions:

Defendant: LAITH NAKLI
Case Number: CR-98-721(S)-02(FB)

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay a fine to the United States in the sum of $ 3,000.00 , this fine shall be paid at the rate of $500.00 by the end of his first year of probation, $1,000.00 by the end of his second year of probation, and $1,500.00 by the end of his third year of probation. The Court has determined that the defendant does not have the ability to pay interest. It is ordered that the interest requirement is waived.

Defendant: LAITH NAKLI
Case Number: CR-98-721(S)-02(FB)

## STANDARD CONDITIONS OF SUPERVISION

**While the defendant is on probation or supervised release pursuant to this Judgment:**

1)  The defendant shall not commit another Federal, state or local crime;
2)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
3)  the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5)  the defendant shall support his or her dependents and meet other family responsibilities;
6)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7)  the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: LAITH NAKLI
Case Number: CR-98-721(S)-02(FB)

## STATEMENT OF REASONS

<u>XX</u>   The court adopts the factual findings and guideline application in the presentence report.

                OR

__   The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary)

Guideline Range Determined by the Court:

        Total Offense Level:__ 12_____

        Criminal History Category:__I____

        Imprisonment Range:__10____to__16_____months

        Supervised Release Range:__2____to____3___years

        Fine Range:$ 3,000.00____to $ 30,000.00____

                __   Fine is waived or is below the guideline range, because of the defendant's inability to pay.

        Restitution:   $_____

                __   Full restitution is not ordered for the following reason(s):

__   The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

                OR

__   The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

<u>XX</u>   The sentence departs from the guideline range

        __   Upon motion of the government, as a result of defendant's substantial assistance.

        <u>XX</u>   for the following reasons: COMBINATION OF POST ARREST REHABILITATION AND EXTRA ORDINARY ACCEPTANCE OF HIS RESPONSIBILITY.