UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
LAITH NAKLI,

Petitioner,

-against-

UNITED STATES OF AMERICA,

Respondent.
-----------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 26-1515 (FB)

*Appearances:*
*For the Petitioner:*
KAMEPHIS PEREZ
510 East 6th Street, Suite D2
New York, New York 10009

*For the Respondent:*
ALESSANDRA V. RAFALSON
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

In 2000, Laith Nakli, a citizen of the United Kingdom and legal resident of the United States, pleaded guilty to conspiracy to distribute and actual distribution of steroids and hydrocodone. He was sentenced to three years' probation, which included sixth months' home confinement. He did not appeal and did not seek collateral relief when, in 2007, he learned that removal proceedings had been initiated based on his conviction.

Now—almost twenty-six years after his conviction and sentence were imposed, Nakli petitions for a writ of *coram nobis* pursuant to the All Writs Act, 28

U.S.C. § 1651(a). Though the writ is technically available "to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict," the availability of post-verdict, appellate, and other collateral remedies make it "difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks and alterations omitted). Thus, "[a] petitioner seeking such relief must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996) (internal citations and alterations omitted).

The parties argue extensively about whether Nakli's failure to seek relief earlier was justified. But the Court need not address that issue because Nikli cannot satisfy either of the two remaining elements.

With respect to the first, Nikli argues that the writ is necessary to "achieve justice" because he was deprived of his Sixth Amendment right to the effective assistance of counsel. His principal claim is that he pleaded guilty in reliance on his attorney's incorrect statement that a sentence of less than a year would not have any

consequences on his immigration status.[1] In fact, the offenses to which Nakli pleaded guilty are "aggravated felonies." 8 U.S.C. § 1101(a)(43)(B). "[R]emoval is a virtual certainty for an alien found to have an aggravated felony conviction, no matter how long he has previously resided here." *Sessions v. Dimaya*, 584 U.S. 148, 153 (2018).

But even if Nakli received incorrect legal advice, it could not have affected his decision to plead guilty. In addition to its standard warning that a guilty plea could result in removal, the Court informed Nakli that under the Sentencing Guidelines—which were mandatory in 2000— "a range of imprisonment from 18 to 24 months was possible." Tr. of Jan. 19, 2000, at 27. Although the range recalculated at sentencing was 10 to 16 months and the Court ultimately found grounds for a

[1]Nakli also obliquely refers to his attorney as "conflicted" by her representation of his co-defendant, who paid her retainer. "The mere fact of payment of counsel by a co-defendant does not, by itself, constitute a Sixth Amendment violation." *Douglas v. United States*, 2009 WL 1322328, at *2 (E.D.N.Y. May 13, 2009). Rather, "a defendant has suffered ineffective assistance of counsel in violation of the Sixth Amendment [only] if her attorney has a potential conflict of interest that prejudices the defendant or an actual conflict of interest that adversely affected the attorney's performance because it resulted in an actual lapse in representation." *Amiel v. United States,* 209 F.3d 195, 198 (2d Cir.2000).

Here, the alleged conflict is supported only by conclusory accusations that Nikli's attorney favored his co-defendant because he was paying the bills. The record, on the contrary, shows that counsel zealously—and successfully—argued for a downward departure based on Nalki's minimal role—"a favor . . . for a friend"—in his co-defendant's operation. Tr. of Oct. 10, 2000, at 6.

significant downward departure from that range, those facts were not available to Nakli until later. At the time of the change-of-plea proceeding, he knew only that he faced a sentence of over a year. Based on the incorrect information he allegedly received from his attorney, he understood that such a sentence would lead to removal proceedings. Since he nevertheless chose to plead guilty, the information did not result in any prejudice.

Moreover, Nakli cannot show that granting the writ and allowing him to withdraw his guilty plea would have any immigration or other legal consequences. In addition to alleging that he had committed an aggravated felony, the notice to appear alleges—as an independent ground for removal—that Nakli made a materially false statement to immigration authorities when he reported, five months after pleading guilty, that he had not been "arrested, cited, charged, indicted, convicted, fined or imprisoned for breaking any law or ordinance." Pet., Ex. 10. Nakli claims that he omitted his drug convictions because his immigration attorney had told him that the case was still pending, *see* Pet., Ex. 2, ¶ 43, but any mistaken impression he got from that conversation should have been corrected by the question's explicit reference to arrests and charges. *Cf. United State ex rel. Curtis v. Zelker,* 466 F.2d 1092, 1098 (2d Cir. 1972) ("[A] defendant's mistaken subjective impressions gained from conferences with his legal counsel, in the absence of

substantial objective proof showing that they were reasonably justified, do not provide sufficient grounds upon which to set aside his guilty plea.").

For these reasons, Nakli cannot establish at least two of the three requirements for a writ of *coram nobis*. Accordingly, his petition is denied.

**SO ORDERED.**

_/S/Frederic Block_______
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 28, 2026